UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHYANNE SMITH,

                 *Plaintiff*,                          **16 CV 8755**

     *v.*

                                                  **COMPLAINT**

THE TJX COMPANIES, INC. *d/b/a* T.J. MAXX,

                 *Defendant*.
------------------------------------------------------------------------X

        Plaintiff Chyanne Smith, by her counsel, The Harman Firm, LLP, alleges for her Complaint against Defendant The TJX Companies, Inc. d/b/a T.J. Maxx as follows:

## NATURE OF THE ACTION

        1.      Plaintiff Chyanne Smith ("Plaintiff" or "Ms. Smith") seeks damages and costs against Defendant The TJX Companies, Inc. d/b/a T.J. Maxx ("Defendant" or "TJX"), for discriminating against her because she is a transgender woman by subjecting her to a hostile work environment and retaliating against her for her complaints of discrimination by terminating her employment, in violation of the New York City Human Rights Law ("NYCHRL").

## JURISDICTION AND VENUE

        2.      Pursuant to 28 U.S.C. §1332, this Court has jurisdiction over Plaintiff's claims, as the matter in controversy exceeds $75,000 and is between citizens of different states:

           a.  Plaintiff is a citizen of the State of New York.

           b.  Upon information and belief, Defendant is a citizen of the State of
              Delaware, as it is a corporation organized under the laws of the State of

Delaware, and a citizen of the State of Massachusetts, as its headquarters are located in the State of Massachusetts.

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

**TRIAL BY JURY**

4. Plaintiff respectfully requests a trial before a jury.

**PARTIES**

5. At all times relevant hereto, Plaintiff was a resident of Bronx County in the State of New York. Plaintiff currently resides in Kings County in the State of New York.

6. Upon information and belief, at all times relevant hereto, Defendant was and is a corporation organized under the laws of the State of Delaware with headquarters located at 770 Cochituate Road, Framingham, Massachusetts 01701.

**STATEMENT OF FACTS**

7. In or around early June 2016, Ms. Smith submitted an online employment application for a loss prevention associate position at TJX.

8. On or about June 6, 2016, TJX contacted Ms. Smith to schedule an interview for the following day at TJX's T. J. Maxx store located at 250 West 57th Street, New York, New York 10107 (the "Store").

9. On or about June 7, 2016, Ms. Smith arrived at the Store for her interview with Jill Frankel, the Store Manager.

2

10. Ms. Smith's interview with TJX was excellent; Ms. Frankel told Ms. Smith that she was hiring her for a supervisor position, rather than the loss prevention associate position for which she had originally applied, due to her impressive experience and interview performance.

11. As a supervisor, Ms. Smith's job duties would include providing customer service, ensuring that the Store's employees had necessary materials to fulfill their job functions, overseeing and motivating the Store's employees, and reporting any issues to management.

12. During the interview, Ms. Frankel told Ms. Smith that there had been a technical error with her employment application: Ms. Smith's résumé had been saved, but the other information that she had submitted along with her résumé had been lost.

13. As such, Ms. Frankel instructed Ms. Smith to fill out another employment application.

14. While completing the application, Ms. Smith asked Ms. Frankel for instruction regarding the section which asked if she had ever been convicted of a felony.

15. Ms. Smith explained that she had prior criminal convictions, but had a certificate of good release.

16. Ms. Frankel instructed Ms. Smith not to check the box indicating that she had previous criminal convictions, telling her, "Don't worry about it.  We will cross that bridge when we come to it."

17. TJX hired Ms. Smith on the spot as a Store supervisor at a pay rate of $10.00 per hour, and Ms. Frankel stated that she would contact Ms. Smith to let her know when she should come in to begin training.

18. On or about June 24, 2016, Ms. Smith received a phone call from Ms. Frankel, informing her of the date and time that her training would begin.

19. In this same phone call, Ms. Smith again raised the question of her criminal record, as she wanted to ensure that she had properly complied with the requirements of TJX's employment application.

20. Ms. Frankel replied, "It doesn't matter. Everything is okay." She told Ms. Smith that her background and reference checks had been "clear" and ended the conversation.

21. Approximately one week later, on June 28, 2016, Ms. Smith started work at TJX.

22. On the first day of her employment at TJX, Ms. Smith was immediately met with hostility because she is transgender.

23. Five different Store employees—including a light-skinned male cashier, a black female cashier, a female supervisor with braids, a Hispanic female sales associate, and an Indian female sales associate—repeatedly made derogatory comments about Ms. Smith's gender identity and harassed her with transphobic slurs such as "he-she" and "shim."

24. These TJX employees repeatedly referred to Ms. Smith as a man and used the pronouns "he" and "him," even though Ms. Smith is a woman and made clear that she uses the pronouns "she" and "her."

25. When Ms. Smith used the Store's bathroom, TJX employees mocked and harassed her. A TJX Associate informed Ms. Smith that she was prohibited from using the Store's women's bathroom because, according to TJX, "We don't know what's between your legs."

26. On her second day of work, June 30, 2016, Ms. Smith complained to her supervisor, an Assistant Store Manager known to Ms. Smith only as "Mariah," about this discriminatory treatment.

27. Mariah responded only, "Someone will look into it."

4

28. However, nothing further was done, and the discriminatory treatment continued.

29. Ms. Smith again complained to Mariah and to Ms. Frankel on July 5, 2016, July 6, 2016, and July 7, 2016.

30. Yet, as before, TJX refused to address the issues Ms. Smith raised.

31. On July 8, 2016, an Assistant Store Manager known to Ms. Smith only as "Nick" called Ms. Smith in for a meeting with Nick and Ms. Frankel.

32. In this meeting, TJX terminated Ms. Smith's employment, purportedly for "falsifying records" in regards to her background check.

33. This is untrue. Ms. Smith was open with TJX about her prior criminal convictions from the beginning of the employment application process. She explicitly and repeatedly sought guidance from TJX regarding disclosure of her criminal record, and she complied with the instructions given to her by TJX.

34. In reality, TJX terminated Ms. Smith's employment because she is transgender and in retaliation for her complaints of discriminatory treatment.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Hostile Work Environment in Violation of the NYCHRL

35. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 34 with the same force as though separately alleged herein.

36. The NYCHRL prohibits an employer from discriminating against an employee by subjecting them to a hostile work environment on the basis of gender.

37. Defendant subjected Plaintiff to a hostile work environment because she is a transgender woman.

38. As a direct and proximate consequence of Defendant's gender discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

39. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## SECOND CAUSE OF ACTION
### Unlawful Termination in Violation of the NYCHRL

40. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 39 with the same force as though separately alleged herein.

41. The NYCHRL prohibits an employer from discriminating against an employee by subjecting them to a hostile work environment on the basis of gender.

42. Defendant discriminated against Plaintiff by terminating her employment because she is a transgender woman.

43. As a direct and proximate consequence of Defendant's gender discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

44. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## THIRD CAUSE OF ACTION
### Retaliation in Violation of the NYCHRL

45. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 44 with the same force as though separately alleged herein.

46. The NYCHRL prohibits an employer from retaliating against an employee for complaining of discriminatory practices made illegal under the NYCHRL.

47. Plaintiff properly complained to Defendant about discriminatory treatment.

48. Defendant retaliated against Plaintiff by subjecting her to further discrimination and harassment and, ultimately, terminating her employment.

49. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

50. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## REQUEST FOR RELIEF

**WHEREFORE**, the individually named Plaintiff respectfully requests that this Court grant the following relief:

A. on Plaintiff's first claim, damages to be determined at trial;

B. on Plaintiff's second claim, damages to be determined at trial;

C. on Plaintiff's third claim, damages to be determined at trial;

D. an award of pre-judgment and post-judgment interest;

E. an award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

F. such other and further relief as this Court deems appropriate.

Dated: New York, New York
       November 10, 2016

By: _____
Walker G. Harman, Jr. [WH-8044]
Edgar M. Rivera [ER-1378]
THE HARMAN FIRM, LLP
*Attorneys for Plaintiff*
220 Fifth Ave., Suite 900
New York, New York 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com