UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHYANNE SMITH,

          Plaintiff,

-against-

THE TJX COMPANIES, INC. d/b/a T.J. MAXX,

          Defendant.

Case No. 16-CV-8755(RWS)

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant The TJX Companies, Inc. d/b/a T.J. Maxx ("T.J. Maxx" or "Defendant"), by and through its undersigned counsel, as and for its Answer and Defenses to the Complaint ("Complaint") of Plaintiff Chyanne Smith ("Plaintiff"), states and alleges as follows:

## INTRODUCTION

1. Defendant admits that Plaintiff seeks damages and costs as alleged but expressly denies that it engaged in any discriminatory or harassing conduct or that Plaintiff is entitled to any of the relief she seeks, and denies the remaining allegations in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. The allegations in Paragraph 2 of the Complaint constitute a legal conclusion to which no response is required, and Defendant therefore denies the allegations in Paragraph 2, except (a) Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is a citizen of the State of New York, and therefore denies the allegation, and (b) Defendant admits that it is a Delaware corporation with its principal place of business in Massachusetts.

3. The allegations in Paragraph 3 of the Complaint constitute a legal conclusion to which no response is required, and Defendant therefore denies the allegations in Paragraph 3.

## TRIAL BY JURY

4. Defendant admits that Plaintiff requests a trial before a jury.

## PARTIES

5. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies the allegations.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

## STATEMENT OF FACTS

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint, except admits that Ms. Frankel extended to Plaintiff a conditional offer of employment as a Customer Experience Coordinator.

11. Defendant denies the allegations in Paragraph 11 of the Complaint, except admits that, as a Customer Experience Coordinator, Plaintiff's duties included *inter alia* providing customer service, ensuring associates provide proper customer service and communicating issues to Management.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff was asked to complete an employment application and denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant admits that Ms. Frankel extended to Plaintiff a conditional offer of employment as a Customer Experience Coordinator with a pay rate of $10.00 per hour and informed her that she would be contacted for orientation, and denies the remaining allegations in Paragraph 17 of the Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegation that Ms. Frankel placed the phone call to Plaintiff.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant admits that Plaintiff's first day of employment was June 28, 2016 and denies the remaining allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint, except admits that, on or about July 2, 2016, Plaintiff told Moriah Jenkins that she felt "shaded."

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint, except admits that Nick Caniano and Jill Frankel met with Plaintiff on July 8, 2016.

32. Defendant admits that Plaintiff's employment was terminated for falsification of Company records and denies the remaining allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Hostile Work Environment in Violation of the NYCHRL

35. Defendant repeats and realleges its responses to the allegations contained in Paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. The allegations in Paragraph 36 of the Complaint constitute a legal conclusion to which no response is required, and Defendant therefore denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

### SECOND CAUSE OF ACTION
### Unlawful Termination in Violation of the NYCHRL

40. Defendant repeats and realleges its responses to the allegations contained in Paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. The allegations in Paragraph 41 of the Complaint constitute a legal conclusion to which no response is required, and Defendant therefore denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

## THIRD CAUSE OF ACTION
### Retaliation in Violation of the NYCHRL

45. Defendant repeats and realleges its responses to the allegations contained in Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46. The allegations in Paragraph 46 of the Complaint constitute a legal conclusion to which no response is required, and Defendant therefore denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

## **REQUEST FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the relief requested in the Request for Relief paragraph of the Complaint.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, res judicata, and/or unclean hands.

3. Plaintiff's claims are barred, in whole or in part, to the extent she failed to timely and/or properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for commencement of this action.

4. All actions taken by Defendant with respect to Plaintiff were based on legitimate, non-discriminatory factors and were made in good faith and in compliance with all applicable laws and Defendant's written policies and procedures.

5. Defendant and its affiliates maintain anti-discrimination and anti-retaliation policies with a complaint procedure, and train their employees and supervisors to comply with those policies. Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendant to avoid harm.

6. Defendant exercised reasonable care to prevent and/or correct promptly any alleged unlawful discrimination in the workplace.

7. Defendant did not encourage, condone, or acquiesce in any alleged discriminatory or retaliatory conduct towards Plaintiff.

8. Defendant acted in good faith and without malice, reckless indifference, willfulness or evil intent.

9. Upon information and belief, Complainant failed to exercise reasonable diligence to mitigate her damages, if any.

10. To the extent Plaintiff purports to allege claims for physical or mental emotional distress, pain or suffering, including claims for recovery of any medical expenses thereby incurred, Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the New York State Workers' Compensation Law.

11. Defendant reserves the right to raise any and all defenses that may become evident during the proceeding.

| | |
|---|---|
| Date: February 9, 2017<br>New York, New York | /s/ Meredith L. Kaufman<br>Craig R. Benson<br>Meredith L. Kaufman<br><br>LITTLER MENDELSON<br>A Professional Corporation<br>900 Third Avenue<br>New York, NY  10022.3298<br>212.583.9600<br>cbenson@littler.com<br>mkaufman@littler.com<br><br>*Attorneys for Defendant* |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2017, I caused a copy of the foregoing Defendant's Answer and Defenses to Plaintiff's Complaint to be served via ECF upon the following:

Walker G. Harman, Jr.
Edgar M. Rivera
The Harman Firm, LLP
220 Fifth Ave., Suite 900
New York, NY 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*/s/Meredith L. Kaufman*
Meredith L. Kaufman